UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN CHU,<br><br>    Plaintiff,<br><br>v.<br><br>DAVID R. JONES,<br><br>    Defendant. | Case No. 17-cv-04524-HSG<br><br>**ORDER DISMISSING CASE FOR LACK OF JURISDICTION; DENYING APPLICATION FOR TEMPORARY RESTRAINING ORDER AND MOTION FOR ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT ISSUE**<br><br>Re: Dkt. No. 7 |

Before the Court are Plaintiff John Chu's ("Plaintiff") ex parte application for a temporary restraining order and motion for order to show cause as to why a preliminary injunction should not issue. Dkt. No. 7, 10. For the reasons detailed below, the Court **DISMISSES** the case for lack of jurisdiction, and the application and motion are also thus **DENIED**.

## I. LEGAL STANDARD

"A judge . . . may dismiss an action sua sponte for lack of jurisdiction." *See Franklin v. State of Or., State Welfare Div.*, 662 F.2d 1337, 1342 (9th Cir. 1981).

Under Federal Rule of Civil Procedure 65, a temporary restraining order may enjoin conduct pending a hearing on a preliminary injunction. *See* Fed. R. Civ. P. 65(b). The standard for issuing a temporary restraining order is the same as for a preliminary injunction. *Gonzalez v. Wells Fargo Bank*, No. 5:12-cv-03842, 2012 WL 3627820, at *1 (N.D. Cal. Aug. 21, 2012) (citing *New Motor Vehicle Bd. of Cal. v. Orrin W. Fox Co.*, 434 U.S. 1345, 1347 n.2 (1977).

A plaintiff seeking preliminary relief must establish: (1) that he is likely to succeed on the merits; (2) that he is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. *Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 20 (2008). Preliminary relief is "an extraordinary remedy

that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Id.* at 22. A court must find that "a certain threshold showing" is made on each of the four required elements. *Leiva-Perez v. Holder*, 640 F.3d 962, 966 (9th Cir. 2011). Under the Ninth Circuit's sliding scale approach, a preliminary injunction may issue if there are "serious questions going to the merits" if "a hardship balance [also] tips sharply towards the [movant]," and "so long as the [movant] also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011).

## II. ANALYSIS

On August 10, 2017, Plaintiff filed the instant ex parte application, seeking a "judicial declaration" that an Order to Appear and subsequent bench warrant for Plaintiff's arrest issued by Defendant David R. Jones, a United States Bankruptcy Judge for the Southern District of Texas ("Judge Jones"), "be declared . . . void and unenforceable." Dkt. No. 7 at 7. Plaintiff contends that Judge Jones' Order to Appear and bench warrant violate 42 U.S.C. § 1983, which provides in pertinent part that

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

42 U.S.C. § 1983. Plaintiff contends that Judge Jones has violated his "federal constitutional rights and protections guaranteed in the Fourteenth Amendment[] to the U.S. Constitution, to wit, liberty," by "depriving" Plaintiff of his liberty "under color of law in his capacity as a United States Bankruptcy Judge." Dkt. No. 7 at 2. However, Plaintiff's claims fail in their entirety because this Court lacks jurisdiction to consider an appeal from an out-of-district bankruptcy court decision. Under 28 U.S.C. § 158(a), "district courts of the United States shall have jurisdiction to hear appeals . . . from final judgments, orders, and decrees . . . and with leave of the court, from other interlocutory orders and decrees" entered by bankruptcy judges. However, "*an appeal under*

*this subsection shall be taken only to the district court for the judicial district in which the bankruptcy judge is serving.*" 28 U.S.C. § 158(a) (emphasis added); *In re Frontier Props., Inc.*, 979 F.2d 1358, 1362 (9th Cir. 1992). Whatever label Plaintiff tries to attach to this action, it is beyond dispute that he seeks to appeal Judge Jones' order. If Plaintiff wishes to do so, he must proceed before a district court in the Southern District of Texas, and cannot do so here. Accordingly, this action must be **DISMISSED** for lack of jurisdiction. It follows that Plaintiff cannot show any likelihood of success on the merits and his motions must also be **DENIED**. The clerk is directed to close the case.

**IT IS SO ORDERED.**

Dated: 8/11/2017

HAYWOOD S. GILLIAM, JR.
United States District Judge